UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    v.<br><br>TRISTAN BRENNAND,<br><br>                      Defendant. | No. CR15-384RSL<br><br>REQUEST FOR DISCOVERY |

TO:     Clerk of the Court; and

TO:     Thomas Woods, Assistant United States Attorney:

      Defendant, through his undersigned counsel of record, hereby makes these formal requests for discovery and asks that Plaintiff ("the Government") produce any evidence within its possession, custody or control or which, by the exercise of reasonable diligence may be obtained, that is favorable to or exculpates defendant in any way, that tends to establish a defense in whole or in part to the allegations in the Indictment, or that may help defendant avoid conviction or mitigate punishment.  Defendant does not request any action or ruling by the court at this time, but files these discovery requests to make a clear record.

REQUEST FOR DISCOVERY - 1
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA  98104
(206) 447-7422
Fax: (206) 447-7534

# I. REQUESTS FOR DISCOVERY

A. <u>Defendant's statements: Fed.R.Crim.P. 16(a)(1)( A&B); CrR 16(a)(1)(A&B)</u>.

Produce: (a) any statements, written or recorded, and the substance of any oral statement, made by the defendant or by a codefendant; (b) that portion of any written record containing the substance of any statement by defendant in response to interrogation by any law enforcement officer or Government agent regardless of whether the Government intends to use the statements at trial; (c) a description of the substance of any statement by defendant in response to interrogation by any law enforcement officer or Government agent for which no written record exists; and (d) a description of the substance of defendant's response to *Miranda* warnings.

B. <u>Defendant's record: Fed.R.Crim.P. 16(a)(1)(D); CrR 16(a)(1)(C)</u>.

Produce: (a) a copy of defendant's criminal record, including all arrests and offenses regardless of severity; and (b) a description of the substance of all matters known to the Government or that may become known with due diligence that may affect defendant's criminal history score under Chapter 4 of the United States Sentencing Guidelines.

C. <u>Documents & things: Fed.R.Crim.P. 16(a)(1)(E); CrR 16(a)(1)(D)</u>.

Produce and make available for inspection or copying all books, papers, documents, tangible objects or things that are material to preparation of a defense or that are intended to be used by the Government as evidence in any hearing or in its case-in-chief at trial; and (b) any books, papers, documents, photographs, or tangible objects which the Government intends to use in any hearing or trial or which were obtained from or belonged to the defendant, together with a synopsis of its alleged connection to the charges against defendant in this case.

D. <u>Tests & examinations: Fed.R.Crim.P. 16(a)(1)(F); CrR 16(a)(1)(E)</u>.

Produce and make available for inspection or copying all results or reports of physical or mental examinations and scientific tests or experiments within the Government's control,

REQUEST FOR DISCOVERY - 2
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

or which may become known through due diligence, that are material to the preparation of a defense and that are intended to be used by the Government as evidence in its case-in-chief at trial.

E. Expert witness testimony: Fed.R.Crim.P. 16(a)(1)(G).

Prepare and produce a summary of the substance of any expert testimony you intend to offer at any trial or hearing, including a summary of the witness' opinion testimony, the grounds for the testimony, and the witness' qualifications.

F. Suppression: Fed.R.Crim.P. 12(b)(3); CrR 16(a)(1)(H&I).

Produce: (a) a description of the substance of all evidence the Government intends to use in its case-in-chief discoverable under Fed.R.Crim.P. 16 that may be subject to a motion to suppress; (b) any information pertaining to any searches of defendant, his vehicles, storage units or residence and items or fruits seized as a result of the search; and (c) identify whether any physical evidence intended to be offered in the Government's case-in-chief was seized pursuant to any exception to the warrant requirement.

G. "Other offense" evidence: Fed.R.Evid 404(b); CrR 16(a)(1)(D).

Identify any "other offense" evidence the Government intends to introduce in its case-in-chief pursuant to Fed.R.Evid. 404(b) or in rebuttal to any anticipated testimony or proof.

H. Summary exhibits: Fed.R.Evid. 1006.

Produce all summaries or charts the Government intends to use at any hearing or trial, along with all supporting documents or data upon which each summary or chart is based.

I. *Brady* material: CrR 16(a)(1)(K).

Produce any evidence of an exculpatory nature pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *U.S. v. Agurs*, 427 U.S. 97 (1976), or impeachment evidence pursuant to *U.S. v. Bagley*, 473 U.S. 667 (1985), and disclose all evidence in the Government's possession, if favorable to the defendant on the issue of guilt or mitigation as to degree.

REQUEST FOR DISCOVERY - 3
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

J.   Entrapment evidence.

Produce any information indicating inducement or entrapment of the defendant.

K.   Cooperating witnesses.

Produce the following information and materials regarding any informant, spy, eavesdropper ("cooperating witness") involved in this case:

1.   The name and address of each cooperating witness;

2.   The case number and name of the prosecutions in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness;

3.   The case names and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning his own prior criminal activity, payments or rewards provided him by the government, efforts made to induce others to participate in criminal activity, or other purported law enforcement-related matter;

4.   Any ledger, sheet, or other document which details the sums paid the cooperating witness or his family in this and other cases in which the cooperating witness assisted the government and the purpose of each such payment;

5.   Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend, or associate of the cooperating witness in exchange for the cooperating witness's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward; in addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the government witnesses, any records or

REQUEST FOR DISCOVERY - 4
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation;

6. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by government to any prospective government witness of family member or associates of the witness, including information as to the underlying conduct precipitating such investigations;

7. Any statement made, information or document provided by a prospective government witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony of witness, or (3) any other document or witness;

8. The name and current whereabouts of any witness to the underlying events of this case whom the government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness;

9. Any report, document, or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute;

10. FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, ATS, TECS, IDENT, and any other records available to the government reflecting the arrest, conviction, and investigative history of the cooperating witness;

REQUEST FOR DISCOVERY - 5
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

11. Information concerning prior misconduct by the cooperating witness in the performance of his role as a cooperating witness including: any prior refusal of the cooperating witness to testify for or assist the government; any prior allegation that the cooperating witness entrapped another person to commit an offense or made false statement in connection with a criminal investigation; and any prior "blackballing" of the cooperating witness by any law enforcement agency;

12. Information concerning misconduct by the cooperating witness other than in his role as a cooperating witness, including misconduct that reflects a lack of candor, truthfulness, or law-abiding character of the cooperating witness, such as uncharged criminal conduct or fraud;

13. Information, records, and transcripts which in any way indicate or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:
    a. Any state or federal law enforcement officer or agency;
    b. Any state or federal grand jury;
    c. Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding;

14. Information reflecting the nature and extent of assets obtained by the cooperating witness in connection with his illegal activities over the past ten years;

15. Any "records" maintained by law enforcement agencies relating to the cooperating witness utilized in this case, including records that the witness was:
    a. Given a code name;
    b. Given assumed/false identity;
    c. Given a polygraph exam;
    d. Briefed on entrapment;
    e. Given a contract with any law enforcement agency;
    f. Executed any release forms;
    g. Advised to pay Federal Income Taxes on funds received in connection with his activities;
    h. Told that he could not violate the law; or
    i. Willing to consent to recording any conversation with anyone.

REQUEST FOR DISCOVERY - 6
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

16. If given a polygraph exam, the results of any polygraph examination performed on any potential government witness as well as any information concerning the failure of any potential government witness to submit to a polygraph examination;

17. Any government agency files or other information revealing matters relevant to the cooperating witness' credibility, mental or physical health, narcotic or alcohol use, or any other dependency;

18. All information and records revealing any potential impairment of the capacity of any prospective government witness to observe, recollect, and testify about the events giving rise to the charges filed in this case including impairments of sight, hearing, memory, language, or any other physical or psychological disability;

19. All information and records indicating that any prospective government witness (1) may have suffered from any mental or emotional disease, disorder, illness, or defect at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness, or defect at any time within the past five years;

20. All information and records indicating that the prospective government witness (1) may have used cocaine, marijuana, another controlled substance, used alcohol to excess at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any substance abuse problem (including alcohol) at any time within the past five years; and

21. Applicable records of the United States Probation Department if the witness has been placed on probation or a Pre-Sentence Investigation "PSI" has been conducted.

REQUEST FOR DISCOVERY - 7
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

L. <u>Criminal histories</u>.

Produce a copy of the criminal record of any witness whom the Government may call at any hearing or at trial.

M. <u>Jencks Act material</u>.

Defendant requests that the Government produce the Jencks Act material within a reasonable time before the day of a witness' direct examination.

N. <u>Identification evidence: CrR 16(a)(1)(G)</u>.

Produce copies of all photographs used in any photographic lineup, show up, photo spread or any other identification proceedings, or, if no photographs can be produced, identify whether any such identification proceeding has taken place and the results of the proceeding.

O. <u>Search warrants: CrR 16(a)(1)(H)</u>.

Produce copies of any search warrants and supporting affidavits resulting in the seizure of evidence which is intended for use by the Government as evidence in its case-in-chief at trial or which was obtained from or belongs to defendant.

P. <u>Electronic surveillance: CrR 16(a)(1)(J)</u>.

Identify whether defendant was a subject of any electronic surveillance or interception of wire or oral communications as defined by 18 U.S.C. § 2510, *et seq.*, during the investigation of this case, produce all evidence relating to any electronic surveillance, including wiretapping, of the defendant's premises or conversations to which the defendant was a party and any record relating to the surveillance.

Q. <u>Identity of trial witnesses: CrR 16(a)(1)(L)</u>.

Provide a list of names and addresses of the witnesses that the Government intends to call in its case-in-chief at trial.

REQUEST FOR DISCOVERY - 8
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

## II. WRITTEN RESPONSE REQUESTED

Defendant requests a written response from the Government to each of these discovery requests. The United States Supreme Court has made clear that requests for information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), are favored and has declared: "When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *United States v. Agurs*, 427 U.S. 97, 106 (1976) (overruled on other grounds).

## III. CERTIFICATION OF INQUIRY

In its responses, defendant further requests that the Government certify that it has complied with its obligations under *Kyles v. Whitley*, 514 U.S. 419 (1995), and specifically has sought the requested information from all law enforcement organizations involved in this case.

## IV. OBJECTIONS TO PRODUCTION

If the Government objects to producing any information or documents requested in this pleading, defendant requests that the Government: (a) identify with particularity the basis for its objection; and (b) produce the information or documents to the court for *in camera* inspection and determination of the validity of the objection.

## V. CONTINUING DISCOVERY OBLIGATIONS: FED.R.CRIM.P. 16(C); CrR 16(D)

These requests are intended to be continuing in nature and the Government is requested to provide, within a reasonable time, any of the above requested materials which comes into its possession, or the possession of its agents, subsequent to the receipt of this demand.

REQUEST FOR DISCOVERY - 9
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

DATED this 4th day of December, 2015.

                                      Respectfully submitted,

                                      */s/Robert Flennaugh II*
Robert Flennaugh II, WSBA #26764
Attorney for Defendant
Law Office of Robert Flennaugh II, PLLC
810 Third Avenue, Suite 500, Seattle, WA 98104
Phone: (206) 447-7422
Fax: (206) 447-7534
Email: Robert@flennaughlaw.com

REQUEST FOR DISCOVERY - 10
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Thomas Woods, Assistant United States Attorney.

/s/Erin S. Ostlie
Erin S. Ostlie
Legal Assistant
Law Office of Robert Flennaugh II, PLLC
810 Third Avenue, Suite 500, Seattle, WA 98104
Phone: (206) 447-7422
Fax: (206) 447-7534
Email: erin@flennaughlaw.com

REQUEST FOR DISCOVERY - 11
Case No. CR15-384RSL

**LAW OFFICE OF ROBERT FLENNAUGH II, PLLC**
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 447-7422
Fax: (206) 447-7534